1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   JOSH COLE AICKLEN
2  Nevada Bar No. 007254
   Josh.Aicklen@lewisbrisbois.com
3  DAVID B. AVAKIAN
   Nevada Bar No. 009502
4  David.Avakian@lewisbrisbois.com
   YILMAZ E. TURKERI
5  Nevada Bar No. 015468
   Yilmaz.Turkeri@lewisbrisbois.com
6  6385 S. Rainbow Boulevard, Suite 600
   Las Vegas, Nevada 89118
7  Telephone: 702.893.3383
   Facsimile: 702.893.3789
8  Attorneys for Defendants TRUMP RUFFIN
   TOWER I, LLC, erroneously sued herein as
9  TRUMP RUFFIN COMMERCIAL, LLC, d/b/a
   TRUMP INTERNATIONAL LAS VEGAS and
10 TRUMP INTERNATIONAL HOTEL &
   TOWER LAS VEGAS; and TRUMP
11 INTERNATIONAL HOTELS MANAGEMENT,
   LLC

12                UNITED STATES DISTRICT COURT

13              DISTRICT OF NEVADA, SOUTHERN DIVISION

14

15 | MARK DAVIS, an Individual, | Case No. |
16 | Plaintiff, | |
17 | vs. | **DEFENDANT TRUMP RUFFIN TOWER** |
18 | | **I, LLC, ERRONEOUSLY SUED HEREIN** |
   | TRUMP RUFFIN COMMERCIAL, LLC, a | **AS TRUMP RUFFIN COMMERCIAL,** |
19 | Foreign Limited-Liability Company d/b/a | **LLC, d/b/a TRUMP INTERNATIONAL** |
   | TRUMP INTERNATIONAL LAS VEGAS | **LAS VEGAS and TRUMP** |
20 | and TRUMP INTERNATIONAL HOTEL & | **INTERNATIONAL HOTEL & TOWER** |
   | TOWER LAS VEGAS; TRUMP RUFFIN | **LAS VEGAS; AND TRUMP** |
21 | TOWER I, LLC, a Foreign Limited-Liability | **INTERNATIONAL HOTELS** |
   | Company; TRUMP INTERNATIONAL | **MANAGEMENT, LLC'S NOTICE OF** |
22 | HOTELS MANAGEMENT, LLC, a Foreign | **REMOVAL TO FEDERAL COURT** |
   | Limited-Liability Company; OTIS | |
23 | ELEVATOR CORPORATION, a Foreign | |
   | Corporation; DOES I through X, inclusive; | |
24 | and ROE BUSINESS ENTITIES I through X, | |
   | inclusive, | |
25 | | |
   | Defendants. | |
26

27

28      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant TRUMP RUFFIN TOWER I, LLC, erroneously sued herein as TRUMP RUFFIN COMMERCIAL, LLC, d/b/a TRUMP INTERNATIONAL LAS VEGAS and TRUMP INTERNATIONAL HOTEL & TOWER LAS VEGAS; and TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC (hereinafter, "Removing Defendant") hereby removes the above-entitled action to this Court based upon the supporting grounds set forth below.

Removing Defendant, appearing solely for the purpose of this Removal and for no other purpose, and preserving all defenses available, including, without limitation, jurisdictional defenses, states as follows:

## THE REMOVED CASE

1. On December 1, 2023, an action was commenced in the District Court at Clark County, Nevada, Department 9, captioned MARK DAVIS, ("Plaintiff") vs. TRUMP RUFFIN COMMERCIAL, LLC, a Foreign Limited-Liability Company d/b/a TRUMP INTERNATIONAL LAS VEGAS and TRUMP INTERNATIONAL HOTEL & TOWER LAS VEGAS; TRUMP RUFFIN TOWER I, LLC, a Foreign Limited-Liability Company; TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC; OTIS ELEVATOR CORPORATION; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, Case No. A-23-882670-C ("State Court Action.").

## STATE COURT PLEADINGS

2. A true and correct copy of the Plaintiff's Complaint is attached hereto as **Exhibit "A"**.

3. Plaintiff alleges that on or about February 14, 2022, he was a patron at the TRUMP INTERNATIONAL HOTEL LAS VEGAS a/k/a TRUMP INTERNATIONAL HOTEL & TOWER LAS VEGAS located at 2000 Fashion Show Drive, Las Vegas, Nevada 89109 ("Subject Premises"). Plaintiff alleges that he was on the premises to attend his cousin's wedding. See, **Exhibit A**, ¶¶5, 13.

4. Plaintiff alleges that when he left his cousin's wedding rehearsal, he entered an elevator ("Subject Elevator") on the 64th floor of the Subject Premises. Id. at ¶¶14-16. Plaintiff alleges that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138214551.1                                    2                                    Case No.
DEFENDANT TRUMP RUFFIN TOWER I, LLC'S NOTICE OF REMOVAL

the doors of the elevator closed, but the elevator did not move.  Id. at ¶17.  Suddenly the Subject Elevator dropped several floors and then stopped.  Id.  Following the brief stop, the Subject Elevator dropped a second time.  Id..  Plaintiff further alleges that during this incident, the individuals in the Subject Elevator crashed into each other.  Id. at ¶18.  Plaintiff alleges that after an extended period of time, he and the other individuals were released from the elevator.  Id. at ¶19.  Subsequently, Plaintiff alleges he sustained bodily injury as a result of the subject incident.  Id. at ¶22.

3. Plaintiff's Complaint seeks causes of action for Negligence against TRUMP RUFFIN TOWER I, LLC and OTIS ELEVATOR CORPORATION, as well as causes of action for Strict Liability against OTIS ELEVATOR CORPORATION.  See generally, Id.

4.      As specifically shown below, there is complete diversity between Plaintiff, TRUMP RUFFIN TOWER I, LLC, and OTIS ELEVATOR CORPORATION pursuant to 28 U.S.C. § 1441.  See, **Exhibit A**.

5.      Furthermore, all Defendants consent to the removal.

## TIMELINESS OF REMOVAL

6.      TRUMP RUFFIN TOWER I, LLC was served with the Summons and Complaint in the State Court Action on March 7, 2024, thus removal is timely pursuant to 28 U.S.C. § 1446(b).  The Notice is filed within thirty (30) days of receipt by Removing Defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

7.      As required by 28 U.S.C. § 1332(a), upon information and belief, Plaintiff's Complaint seeks damages in excess of $75,000.

8.      Plaintiff alleges that as a result of the subject incident, he suffered, "severe physical, mental, and emotional pain and injuries."  See, **Exhibit A**, ¶22.

9.      Pursuant to each cause of action he asserts in this matter, Plaintiff seeks general damages in excess of $15,000 and special damages in excess of $15,000.

10.      Plaintiff alleges four (4) different causes of action including a cause of action for Negligence against TRUMP RUFFIN TOWER I, LLC, a cause of action for Negligence against OTIS ELEVATOR CORPORATION, a cause of action for Strict Liability: Manufacturing or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138214551.1                                          3                                          Case No.
DEFENDANT TRUMP RUFFIN TOWER I, LLC'S NOTICE OF REMOVAL

Design Defect against OTIS ELEVATOR CORPORATION and a cause of action for Strict Liability: Failure to Warn against OTIS ELEVATOR CORPORATION.  See, **Exhibit A**.

11.     Pursuant to each singular cause of action, Plaintiff seeks general damages in excess of $15,000 due to the alleged injury he sustained from the subject incident.  Id. at ¶¶40, 58, 71, 82. This includes injury to his, "health, strength, and well-being," injury to his body, "shock and injury to the nervous system," as well as "pain, suffering, anxiety, and emotional distress."  Id.  Plaintiff also seeks "future, severe mental, physical nervous pain and suffering, and loss of enjoyment of life."  Id.

12.     Additionally, for each singular cause of action, Plaintiff also seeks special damages in excess of $15,000 for medical and incidental services, as well as loss of income and household services.  Id. ¶¶41, 59, 72, 83.  He also seeks future lost income, earning capacity, and household services.  Id.

13.     Notwithstanding, his claim for damages, Plaintiff also seeks a prayer for attorneys' fees and costs for each cause of action.  Id. at ¶¶42, 60, 73, 84.

14.     A defendant's duty is not to prove by a preponderance of the evidence that the plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. Hamrick v. REO Props. Corp., 2010 U.S. Dist. LEXIS 85073, at *6 (Nev. 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdictional limit. Id. The pertinent question the Court is to ask is whether or not plaintiff is likely to ask a jury for an amount above $75,000. Canonico v. Seals, 2013 U.S. Dist. LEXIS 60047, at *4-5 (Nev. 2013). As such, the appropriate figure to use in determining whether Removing Defendant has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims, considering all of the allegations and all the asserted damages. If Removing Defendant can show by a preponderance of evidence that: (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiff full recovery that award would be over the jurisdiction threshold, then jurisdiction with the Federal Court should remain. As such, it is apparent from the alleged damages

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138214551.1                                    4                                    Case No.
DEFENDANT TRUMP RUFFIN TOWER I, LLC'S NOTICE OF REMOVAL

1  that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and that

2  Defendants have satisfied the jurisdictional threshold.

3  **<u>REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP</u>**

4      15.    Removal of this action is proper under 28 U.S.C. § 1441(a) because this is a civil

5  action over which the federal district courts would have had original diversity of citizenship

6  jurisdiction pursuant to 28 U.S.C. § 1332. As further required by 28 U.S.C. § 1332(a), there is

7  complete diversity of citizenship between Plaintiff and Defendants.

8      16.    As alleged in the Complaint, Plaintiff is a resident of Henrico County, Virgina. <u>See</u>,

9  **Exhibit A** at ¶1.

10      17.    Upon information and belief, Plaintiff is not a citizen of any other jurisdiction for the

11  purposes of 28 U.S.C. § 1332.

12      18.    The citizenship of a limited liability company is determined by examining the

13  citizenship of each owner/member of the company, such that it is a citizen of every state in which

14  its owners/members are citizens. <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899

15  (9th Cir. 2006).

16      20.    Defendant TRUMP RUFFIN TOWER I, LLC is alleged to be a limited liability

17  company doing business in Clark County, Nevada.  <u>See</u>, **Exhibit A**, ¶3.  Upon information and

18  belief, Removing Defendant is, and was at the time this action was commenced, <u>a citizen of the</u>

19  <u>State of Delaware</u>.

20      21.    Defendant OTIS ELEVATOR CORPORATION is incorporated in New Jersey and

21  has its principal place of business in Connecticut.  Defendant is therefore a citizen of New Jersey

22  and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

23      22.    Based on the allegations of the Complaint, inclusive of the jurisdictional facts stated

24  therein, none of Defendants' owners/members are citizens of Virginia for purposes of determining

25  diversity. <u>Johnson</u>, supra, 437 F.3d at 899.

26      23.    Removing Defendant therefore removes this action pursuant to 28 U.S.C. § 1441

27  based on diversity of citizenship.

28


**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

24. Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because removal was filed within thirty days after receipt of the Summons and Complaint.

25. For the foregoing reasons, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

**VENUE IS PROPER**

26. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Nevada is the federal judicial district embracing the District Court at Clark County, Nevada, where the underlying state court action was originally filed.

**NOTICE TO STATE COURT**

27. Removing Defendant will file a copy of this Notice of Removal in the County Court, Clark County, and will promptly thereafter serve a copy of the same upon the other parties to this action pursuant to 28 U.S.C. § 1446(d).

**THIS NOTICE IS PROCEDURALLY CORRECT**

28. Removing Defendant is filing with the Notice of Removal a completed Civil Cover Sheet, and separate Statement Concerning Removal and Certificate of Interested Parties.

29. Removing Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

30. Trial has not commenced in the District Court at Clark County.

31. There are no other known Defendants who have not joined in or agreed to removal to Federal Court.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       WHEREFORE, Defendant TRUMP RUFFIN TOWER I, LLC gives notice that the above-

2 captioned action commenced in the District Court at Clark County, Nevada, has been removed to

3 this Court.

4       Dated this 28th day of March, 2024

5                      Respectfully Submitted,

6                      LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                      By        /s/ Josh Cole Aicklen

                               JOSH COLE AICKLEN

10                    Nevada Bar No. 007254

                    DAVID B. AVAKIAN

11                    Nevada Bar No. 009502

                    YILMAZ E. TURKERI

12                    Nevada Bar No. 015468

                    6385 S. Rainbow Boulevard, Suite 600

13                    Las Vegas, Nevada 89118

                    Tel. 702.893.3383

14                    Attorneys for Defendant TRUMP RUFFIN

                    TOWER I, LLC, erroneously sued herein as

15                    TRUMP RUFFIN COMMERCIAL, LLC, d/b/a

                    TRUMP INTERNATIONAL LAS VEGAS and

16                    TRUMP INTERNATIONAL HOTEL & TOWER

                    LAS VEGAS; and TRUMP INTERNATIONAL

17                    HOTELS MANAGEMENT, LLC

18

19

20

21

22

23

24

25

26

27

28



1

## <u>CERTIFICATE OF SERVICE</u>

2

Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith

3 LLP and that on this 28th day of March, 2024, I served a true copy of the **DEFENDANT TRUMP**

4 **RUFFIN TOWER I, LLC, ERRONEOUSLY SUED HEREIN AS TRUMP RUFFIN**

5 **COMMERCIAL, LLC, d/b/a TRUMP INTERNATIONAL LAS VEGAS and TRUMP**

6 **INTERNATIONAL HOTEL & TOWER LAS VEGAS; AND TRUMP INTERNATIONAL**

7 **HOTELS MANAGEMENT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT** via

8 the Court's electronic filing and service system as follows:

9

| | |
|---|---|
| Peter S. Christiansen, Esq. <br> R. Todd Terry, Esq. <br> Whitney J. Barrett, Esq. <br> Keely P. Chippoletti, Esq. <br> Andrew R. Brown, Esq. <br> CHRISTIANSEN TRIAL LAWYERS <br> 710 S. 7th Street, Ste. B <br> Las Vegas, NV 89101 <br> pete@christiansenlaw.com <br> tterry@christiansenlaw.com <br> wbarrett@christiansenlaw.com <br> keely@christiansenlaw.com <br> abrown@christiansenlaw.com <br> Attorneys for Plaintiff | |
| | |

10

11

12

13

14

15

16

17

18

19

20

By      ___/s/ Peggy Kurilla_____

21
        An Employee of
        LEWIS BRISBOIS BISGAARD & SMITH LLP

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## INDEX OF EXHIBITS

2

**Exhibit**     **Description**

3     A              Plaintiff's Complaint

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TRUMP RUFFIN TOWER I, LLC'S NOTICE OF REMOVAL

EXHIBIT A – Plaintiff's Complaint in State Court

Electronically Filed
12/1/2023 5:42 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**WHITNEY J. BARRETT, ESQ.**
Nevada Bar No. 13662
wbarrett@christiansenlaw.com
**KEELY P. CHIPPOLETTI, ESQ.**
Nevada Bar No. 13931
keely@christiansenlaw.com
**ANDREW R. BROWN, ESQ.**
Nevada Bar No. 15875
abrown@christiansenlaw.com
**CHRISTIANSEN TRIAL LAWYERS**
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:    (866) 412-6992
*Attorneys for Plaintiff*

CASE NO: A-23-882670-C
Department 9

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MARK DAVIS, an Individual;

                    Plaintiff,

v.

TRUMP RUFFIN COMMERCIAL, LLC, a Foreign Limited-Liability Company d/b/a TRUMP INTERNATIONAL LAS VEGAS and TRUMP INTERNATIONAL HOTEL & TOWER LAS VEGAS; TRUMP RUFFIN TOWER I, LLC, a Foreign Limited-Liability Company; TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC, a Foreign Limited-Liability Company; OTIS ELEVATOR COMPANY, a Foreign Corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X inclusive,

                    Defendants.

CASE NO.
DEPT. NO.

**COMPLAINT WITH**
**JURY DEMAND**

Plaintiff MARK DAVIS, by and through his attorneys, PETER S. CHRISTIANSEN, ESQ., R. TODD TERRY, ESQ., WHITNEY J. BARRETT, ESQ., KEELY P. CHIPPOLETTI, ESQ., and ANDREW R. BROWN, ESQ., of CHRISTIANSEN TRIAL LAWYERS, and for his causes of action against Defendants, and each of them, hereby alleges as follows:

## I.

## **PARTIES**

1.      At all times material hereto, Plaintiff MARK DAVIS ("DAVIS") was and is a resident of Henrico County, Virginia.

2.      Based upon information and belief, at all times material hereto, Defendant TRUMP RUFFIN COMMERCIAL, LLC d/b/a TRUMP INTERNATIONAL LAS VEGAS and TRUMP INTERNATIONAL HOTEL & TOWER LAS VEGAS was and is a foreign limited liability company doing business in Clark County, Nevada.

3.      Based upon information and belief, at all times material hereto, Defendant TRUMP RUFFIN TOWER I, LLC was and is a foreign limited-liability company doing business in Clark County, Nevada.

4.      Based upon information and belief, at all times material hereto, Defendant TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC was and is a foreign limited-liability company doing business in Clark County, Nevada.

5.      Based upon information and belief, at all times material hereto, Defendants TRUMP RUFFIN COMMERCIAL, LLC, TRUMP RUFFIN TOWNER I, LLC, and/or TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC (collectively "TRUMP DEFENDANTS") were the owners, managers, supervisors, maintainers, operators, and/or controllers for the premises and common areas at TRUMP INTERNATIONAL HOTEL LAS VEGAS a/k/a TRUMP INTERNATIONAL HOTEL & TOWER LAS VEGAS, located at 2000 Fashion Show Drive, Las Vegas Nevada 89109 (hereinafter the "Subject Premises").

6.      At all times mentioned herein, upon information and belief, Defendant OTIS ELEVATOR COMPANY ("OTIS") was and is a foreign corporation doing business in Clark County, Nevada.

7.    Based upon information and belief, at all times material hereto, OTIS was and is the designer, manufacturer, producer, distributor, installer, and/or holder of the maintenance contract for hotel elevator at the Subject Premises (hereinafter the "Subject Elevator"), which was installed into the Subject Premises. Based upon information and belief, OTIS transported, shipped, introduced, and/or caused the Subject Elevator to be introduced into the State of Nevada for the purpose of its sale, distribution, installation, and/or use within the State of Nevada.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants DOES I through X and/or ROE BUSINESS ENTITIES I through X, are unknown to DAVIS at this time. DAVIS is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES I through X and/or ROE BUSINESS ENTITIES I through X is responsible in some manner for the events and happenings referred to herein, and in some manner caused the injuries and damages proximately suffered by the DAVIS, as alleged herein. DAVIS will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through X and/or ROE BUSINESS ENTITIES I through X inclusive, when the same have been ascertained by DAVIS, together with the appropriate charging allegations, and to join such Defendants in this action.

9.    Based upon information and belief, Defendants DOES I through X, inclusive, and/or ROE BUSINESS ENTITIES I through X, inclusive, likely owned, operated, and/or managed the Subject Premises, and/or sold, installed, serviced, and/or managed the Subject Elevator.

## II.

## JURISDICTION AND VENUE

10.   This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs. Therefore, this Court has jurisdiction over this matter.

11.   The events giving rise to this action occurred in Clark County, Nevada. Therefore, this Court is the proper venue for this matter.

/ / /

/ / /

### III.

### FACTUAL ALLEGATIONS

12.     On or about February 14, 2022, DAVIS was an invited patron and overnight guest of the Subject Premises.

13.     DAVIS was staying at the Subject Premises to attend his cousin's wedding. DAVIS's cousin is non-party, Sebastian Symeonides.

14.     Prior to the subject incident, DAVIS was leaving his cousin's wedding rehearsal, which occurred on the 64th floor of the Subject Premises, and was planning to return to his hotel room. DAVIS intended to change clothes in his hotel room before attending his cousin's wedding later that day.

15.     Based upon information and belief, the 64th floor is the top floor of the Subject Premises.

16.     On or about February 14, 2022, DAVIS, along with several other individuals, entered the Subject Elevator on the 64th floor of the Subject Premises. After entering the Subject Elevator, the individuals inside pushed the elevator buttons for their respective floors.

17.     The doors of the Subject Elevator closed, but the Subject Elevator did not immediately move. After a moment, the Subject Elevator suddenly dropped several floors, and then abruptly stopped. After the brief stop, the Subject Elevator unexpectedly dropped a second time.

18.     The individuals inside the Subject Elevator crashed into each other during and/or after the two unexpected drops.

19.     DAVIS, and the other individuals inside the Subject Elevator, waited for an extended period of time before TRUMP DEFENDANTS, OTIS, DOES, and/or ROE BUSINESS ENTITIES released them from the Subject Elevator.

20.     Based upon information and belief, Defendants, and each of them, had actual and/or constructive notice of the dangerous and/or defective condition of the Subject Elevator.

21.     Based upon information and belief, Defendants, and each of them, did not provide any warnings that the Subject Elevator was out of service, defective, and/or dangerous.

**Page 4 of 13**

22.     DAVIS suffered severe physical, mental, and emotional pain and injuries as a result of the subject incident alleged herein.

### FIRST CAUSE OF ACTION

#### *Negligence – Against Trump Defendants*

23.     DAVIS incorporates by reference each and every allegation made in this Complaint as though fully set forth herein.

24.     At all times material hereto, TRUMP DEFENDANTS owned, operated, and/or managed the Subject Premises.

25.     At all times material hereto, DAVIS was staying at the Subject Premises while on vacation in Las Vegas, Nevada. Therefore, DAVIS was a business invitee of the Subject Premises, and of TRUMP DEFENDANTS.

26.     At all times material hereto, TRUMP DEFENDANTS owed a duty of care to DAVIS to act in a reasonable, prudent manner.

27.     At all times material hereto, TRUMP DEFENDANTS owed a duty of care to DAVIS to keep the Subject Premises in a reasonably safe condition for use.

28.     At all times material hereto, TRUMP DEFENDANTS owed a duty of care to DAVIS to inspect the Subject Premises for dangerous conditions, and to warn DAVIS of such dangerous conditions, especially dangerous conditions that could foreseeably cause DAVIS to suffer serious physical harm, such as the Subject Elevator.

29.     TRUMP DEFENDANTS breached the duty of care owed to DAVIS.

30.     TRUMP DEFENDANTS breached the duty of care owed to DAVIS by committing the following actions and omissions:

    a. Subjecting business invitees, including DAVIS, to an unreasonable risk of harm by allowing a dangerous condition, such as the Subject Elevator, to exist on the Subject Premises;

    b. Allowing a dangerous condition, such as the Subject Elevator, to exist on the Subject Premises without an adequate warning;



c.  Failing to inspect the Subject Premises for dangerous conditions, such as the Subject Elevator, and failing to fix the dangerous condition before it caused foreseeable harm to invitees, including DAVIS;

d.  Failing to keep the Subject Premises in a reasonably safe condition for use; and

e.  Negligently allowing a dangerous condition, such as the Subject Elevator, to exist on the Subject Premises for an unreasonable length of time.

31.     Based upon information and belief, TRUMP DEFENDANTS had actual and/or constructive knowledge of the dangerous and/or defective nature of the Subject Elevator.

32.     At all times material hereto, there were statutes, codes, regulations, and provisions in effect prohibiting TRUMP DEFENDANTS conduct at issue.

33.     At all times material hereto, DAVIS was a member of the class of persons these statutes, codes, regulations, and provisions were enacted to protect.

34.     DAVIS suffered the type of injuries these statutes, codes, regulations, and provisions were enacted to prevent against.

35.     TRUMP DEFENDANTS's violation of these statutes, codes, regulations, and provisions was the direct and proximate cause of DAVIS's injuries, as alleged herein. Therefore, TRUMP DEFENDANTS are liable under a theory of negligence per se.

36.     The Subject Elevator was in the exclusive control of TRUMP DEFENDANTS and the harm suffered by DAVIS does not ordinarily occur without the presence of negligence.

37.     The Subject Elevator malfunctioning while DAVIS was inside it, as alleged herein, was caused by the agency and/or instrumentality of the Subject Elevator, which was within the exclusive control of TRUMP DEFENDANTS. This event was not caused by any voluntary action or contribution on the part of DAVIS.

38.     The Subject Elevator malfunctioning in this manner, as alleged herein, is the type of event that does not ordinarily occur absent the negligence of TRUMP DEFENDANTS. Therefore, TRUMP DEFENDANTS are liable under a theory of *res ipsa loquitur.*

39.     TRUMP DEFENDANTS's breach of the duty of care owed to DAVIS was a direct and proximate cause of DAVIS's injuries, as alleged herein.

40.     As a direct and proximate result of the negligence of TRUMP DEFENDANTS, DAVIS was caused to be hurt and sustain injury to his respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotional distress, all of which have caused DAVIS, and will continue to cause DAVIS in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused DAVIS to suffer general damages in excess of $15,000.00.

41.     As a further direct and proximate result of the negligence of TRUMP DEFENDANTS, DAVIS was required to, and did, employ physicians and other health care providers to examine, treat, and care for him and did incur medical and incidental expenses thereby. DAVIS also suffered loss of income and household services, and in the future DAVIS will lose income and/or earning capacity and household services. The exact amount of such expenses is unknown at present time, but DAVIS alleges that he has suffered special damages in excess of $15,000.00.

42.     DAVIS was forced to retain counsel to represent him in this action and, therefore, he is entitled to recover reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

### *Negligence – Against OTIS*

43.     DAVIS incorporates by reference each and every allegation made in this Complaint as though fully set forth herein.

44.     At all times material hereto, OTIS owed a duty of care to DAVIS to act in a reasonable, prudent manner.

45.     At all times material hereto, OTIS owed a duty of care to DAVIS to not subject DAVIS to an unreasonable and foreseeable risk of harm.

46.     At all times material hereto, OTIS owed a duty of care to DAVIS to exercise reasonable skill in its installation, operation, service, and/or management of the Subject Elevator.

47.     OTIS breached the duty of care it owed to DAVIS.

48.     OTIS breached the duty of care owed to DAVIS by committing the following actions and omissions:

    a. Subjecting DAVIS to an unreasonable and foreseeable risk of harm by failing to use reasonable skill in its installation, operation, service, and/or management of the Subject Elevator;

    b. Failing to provide Davis a reasonable warning about the dangerous nature and/or condition of the Subject Elevator; and

    c. Negligently allowing a dangerous condition and/or instrumentality, such as the Subject Elevator, to exist on the Subject Premises for an unreasonable length of time.

49.     Based upon information and belief, OTIS had actual and/or constructive knowledge of the dangerous and/or defective nature of the Subject Elevator.

50.     At all times material hereto, there were statutes, codes, regulations, and provisions in effect prohibiting OTIS conduct at issue.

51.     At all times material hereto, DAVIS was a member of the class of persons these statutes, codes, regulations, and provisions were enacted to protect.

52.     DAVIS suffered the type of injuries these statutes, codes, regulations, and provisions were enacted to prevent against.

53.     OTIS's violation of these statutes, codes, regulations, and provisions was the direct and proximate cause of DAVIS's injuries, as alleged herein. Therefore, OTIS is liable under a theory of negligence per se.

54.     The Subject Elevator was in the exclusive control of OTIS and the harm suffered by DAVIS does not ordinarily occur without the presence of negligence.

55.     The Subject Elevator malfunctioning while DAVIS was inside it, as alleged herein, was caused by the agency and/or instrumentality of the Subject Elevator, which was within the exclusive control of OTIS. This event was not caused by any voluntary action or contribution on the part of DAVIS.



CHRISTIANSEN
TRIAL LAWYERS

56.     The Subject Elevator malfunctioning in this manner, as alleged herein, is the type of event that does not ordinarily occur absent the negligence of OTIS. Therefore, OTIS is liable under a theory of *res ipsa loquitur.*

57.     OTIS's breach of the duty of care owed to DAVIS was a direct and proximate cause of DAVIS's injuries, as alleged herein.

58.     As a direct and proximate result of the negligence of OTIS, DAVIS was caused to be hurt and sustain injury to his respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotional distress, all of which have caused DAVIS, and will continue to cause DAVIS in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused DAVIS to suffer general damages in excess of $15,000.00.

59.     As a further direct and proximate result of the negligence of OTIS, DAVIS was required to, and did, employ physicians and other health care providers to examine, treat, and care for him and did incur medical and incidental expenses thereby. DAVIS also suffered loss of income and household services, and in the future DAVIS will lose income and/or earning capacity and household services. The exact amount of such expenses is unknown at present time, but DAVIS alleges that he has suffered special damages in excess of $15,000.00.

60.     DAVIS was forced to retain counsel to represent him in this action and, therefore, he is entitled to recover reasonable attorney's fees and costs.

## **THIRD CAUSE OF ACTION**

### ***Strict Liability: Manufacturing or Design Defect – Against OTIS***

61.     DAVIS incorporates by reference each and every allegation made in this Complaint as though fully set forth herein.

62.     OTIS designed, manufactured, tested, constructed, installed, sold, distributed, assembled, owned, and/or maintained the Subject Elevator for use at the Subject Premises.

63.     OTIS is regularly engaged in the business of designing, manufacturing, testing, constructing, assembling, distributing, marketing, and/or selling elevators, including the Subject Elevator.

64.     Based upon information and belief, OTIS sold, distributed, installed, serviced, operated, and/or managed the Subject Elevator at the Subject Premises. This was a critical step leading toward DAVIS's use of the Subject Elevator, and the injuries he sustained.

65.     Based upon information and belief, OTIS failed to design, manufacture, and/or sell a product that was safe for its intended and foreseeable use.

66.     From the time the Subject Elevator left OTIS's possession and control, and at all times material hereto, the Subject Elevator was defective, unfit, and unreasonably dangerous for its intended and foreseeable use.

67.     At all times material hereto, DAVIS was using the Subject Elevator in the manner that OTIS intended and foresaw.

68.     The Subject Elevator that OTIS designed, manufactured, and/or sold was defective and unreasonably dangerous, and failed to perform in the manner DAVIS reasonably expected in light of its nature and intended function.

69.     The Subject Elevator that OTIS designed, manufactured, and/or sold was more dangerous than would be contemplated by the ordinary user, such as DAVIS, having the ordinary knowledge available in Clark County, Nevada.

70.     The injuries and damages DAVIS suffered, as alleged herein, was the direct and proximate result of the defective and unreasonably dangerous nature of the Subject Elevator that OTIS designed, manufactured, and/or sold. Therefore, OTIS should be held strictly liable in tort to DAVIS.

71.     As a direct and proximate result of OTIS's defective product, DAVIS sustained injury to his respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotional distress, all of which have caused DAVIS, and will continue to cause DAVIS in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused DAVIS to suffer general damages in excess of $15,000.00.

72.     As a further direct and proximate result of OTIS's defective product, DAVIS was required to, and did, employ physicians and other health care providers to examine, treat, and care

1    for him and did incur medical and incidental expenses thereby. DAVIS also suffered loss of

2    income and household services, and in the future DAVIS will lose income and/or earning capacity

3    and household services. The exact amount of such expenses is unknown at present time, but

4    DAVIS alleges that he has suffered special damages in excess of $15,000.00.

5        73.     DAVIS has been forced to retain counsel to represent him in this action and,

6    therefore, he is entitled to recover reasonable attorney's fees and costs.

7                      **FOURTH CAUSE OF ACTION**

8             *Strict Liability: Failure to Warn – Against OTIS*

9        74.     DAVIS incorporates by this reference each and every allegation made in this

10   Complaint as though fully set forth herein.

11        75.     OTIS designed, manufactured, tested, construed, installed, sold, distributed,

12   assembled, owned, and/or maintained the Subject Elevator for use at the Subject Premises.

13        76.     OTIS was responsible for creating, approving, and/or installing all warnings

14   and/or notices that were and/or should have been affixed to the Subject Elevator, and/or placed

15   near the Subject Elevator.

16        77.     At all times material hereto, DAVIS was using the Subject Elevator in the manner

17   that was intended and foreseeable by OTIS.

18        78.     From the time the Subject Elevator left OTIS's possession and control, and at all

19   times material hereto, the Subject Elevator was defective, unfit, and unreasonably dangerous for

20   its intended and foreseeable use.

21        79.     The Subject Elevator was further defective and unreasonably dangerous in that

22   OTIS failed to provide adequate warnings about dangers that were known or should have been

23   known by OTIS, including but not limited to, that the Subject Elevator could not safely raise and

24   lower, and/or other warnings necessary to ensure the Subject Elevator could be used in a safe and

25   proper manner.

26        80.     The dangers and defects of the Subject Elevator were not generally known or

27   obvious. Therefore, OTIS was required to warn DAVIS about these dangers and defects.

28

**Page 11 of 13**

81.     OTIS's failure to warn DAVIS about the dangers and defects in the Subject Elevator was the direct and proximate cause of DAVIS's damages and injuries, as alleged herein. Therefore, OTIS should be held strictly liable in tort to DAVIS.

82.     As a direct and proximate result of OTIS's failure to warn, DAVIS sustained injury to his respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotional distress, all of which have caused DAVIS, and will continue to cause DAVIS in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused DAVIS to suffer general damages in excess of $15,000.00.

83.     As a further direct and proximate result of OTIS's failure to warn, DAVIS was required to, and did, employ physicians and other health care providers to examine, treat, and care for him and did incur medical and incidental expenses thereby. DAVIS also suffered loss of income and household services, and in the future DAVIS will lose income and/or earning capacity and household services. The exact amount of such expenses is unknown at present time, but DAVIS alleges that he has suffered special damages in excess of $15,000.00.

84.     DAVIS has been forced to retain counsel to represent him in this action and, therefore, he is entitled to recover reasonable attorney's fees and costs.

### III.

### <u>JURY DEMAND</u>

85.     Plaintiff hereby demands a trial by jury for all issues so triable.

### IV.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, DAVIS respectfully prays for judgment against Defendants, and each of them, as follows:

1.     For a sum in excess of $15,000.00 for past and future medical treatment

2.     For a sum in excess of $15,000.00 for past and future pain and suffering, anxiety, mental anguish, emotion distress, disfigurement, loss of enjoyment of life and general damages;



**Page 12 of 13**

3.      For a sum to be determined at trial for past and future loss of income, loss of earning capacity, and loss of household services;

4.      For reasonable attorneys' fees and costs of suit;

5.      For pre-judgment and post-judgment interest, as allowed by law; and

6.      For such other and further relief as the Court may deem just and proper.

Dated this 1st day of December, 2023.

**CHRISTIANSEN TRIAL LAWYERS**

By: _____

PETER S. CHRISTIANSEN, ESQ.
R. TODD TERRY, ESQ.
WHITNEY J. BARRETT, ESQ.
KEELY P. CHIPPOLETTI, ESQ.
ANDREW R. BROWN, ESQ.
*Attorneys for Plaintiff*

