UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK DAVIS, | Case No.: 2:24-cv-00607-APG-DJA |
| Plaintiff | **Order (1) to Show Cause Why This Case Should Not Be Remanded for Lack of Subject Matter Jurisdiction and (2) Striking Certificate of Interested Parties** |
| v. | |
| TRUMP RUFFIN TOWER I, LLC, et al., | |
| Defendants | |

Defendants Trump Ruffin Commercial, LLC;[1] Trump Ruffin Tower I, LLC, and Trump International Hotels Management, LLC removed this case from state court based on diversity jurisdiction. ECF No. 1. They identify the citizenship of Otis Elevator Corporation, and they acknowledge that the citizenship of a limited liability company (LLC) is determined by the citizenship of each member of the LLC. *See* ECF No. 1 at 5 (citing to *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). But they do not identify the citizenship of the LLC defendants' members. Consequently, I cannot determine whether complete diversity exists.

Additionally, the removing defendants have not shown that the amount in controversy requirement is satisfied. If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of

---

[1] In the notice of removal, these defendants state that Trump Ruffin Commercial, LLC was erroneously sued and the proper defendant is Trump Ruffin Tower I, LLC. ECF No. 1 at 1. The defendants should file a motion to amend the caption if they believe the wrong defendant has been sued.

damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (simplified). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

To determine the amount in controversy on removal a court may consider the facts alleged in the complaint and in the notice of removal, and may "'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). A court also has discretion to consider a plaintiff's formal judicial admission that the amount in controversy is met. *Id.* at 376.

In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment because the federal court lacked subject matter jurisdiction; the Ninth Circuit remanded with

instructions to remand the case to the state court. 980 F.2d at 565, 567. The plaintiff had filed suit in Nevada state court, seeking damages "in excess of $10,000." Upon removal, the removing defendant alleged that "the matter in current controversy . . . exceeds the sum of $50,000." *Id*. at 565. The Ninth Circuit found that the removing defendant "offered no facts whatsoever to support the court's exercise of jurisdiction," and held that "[t]his allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the removing defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000." *Id*. at 567.

Here, as in *Gaus*, the removing defendants have not offered sufficient facts to support the court's exercise of jurisdiction, and the plaintiff's allegations in the complaint provide none. Accordingly, I cannot exercise subject matter jurisdiction in this action. However, before remanding to the state court, I will permit the removing defendants to present any evidence relevant to complete diversity and the amount in controversy at the time of removal.

Additionally, I strike the removing defendants' certificate of interested parties (ECF No. 3) for failure to comply with Federal Rule of Civil Procedure 7.1(a)(2). The certificate does not identify the citizenship of each of the removing defendants as required by the amendment to that rule.

I THEREFORE ORDER that the removing defendants shall show cause, in writing, as to why this action should not be remanded to the state court for lack of subject matter jurisdiction. Failure to show cause by April 17, 2024 will result in remand to the state court.

I FURTHER ORDER that the removing defendants' certificate of interested parties (ECF No. 3) is STRICKEN for failure to comply with Federal Rule of Civil Procedure 7.1(a)(2).

I FURTHER ORDER these parties to file a proper certificate of interested parties by April 17, 2024.

DATED this 1st day of April, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE